386 P.2d 77

**STATE of Arizona, Appellee,**

**v.**

**Donald MANIS, Appellant.**

**No. 1260.**

Supreme Court of Arizona.

In Division.

Oct. 23, 1963.

Robert W. Pickrell, Atty. Gen., Ross. Anderson, Asst. Atty. Gen., and Charles. N. Ronan, County Atty., for appellee.

Charles C. Stidham, Phoenix, for appellant.

MAHONEY, Judge.

Appellant was convicted of assault with a deadly weapon. He made timely motions for a directed verdict at the close of the state's case and at the end of all the evidence and it is of the lower court's refusal to direct a verdict of which he now complains. Consequently this court must view the facts in the light most strongly in favor of upholding the jury verdict, State v. Barker, 94 Ariz. 383, 385 P.2d 516 (1963).

Viewed in that light the evidence is as follows: The assault was made on the defendant's son-in-law, one Robert Gaw, and took place in the defendant's house. There had been quarreling between the defendant and his son-in-law. The defend-

ant had previously told Gaw to stay away from defendant's house and Gaw had challenged the defendant to a fight. On the day of the assault Gaw was visiting his wife in defendant's house in defendant's absence. When defendant came home Gaw saw him in the driveway and fled to the house of a neighbor. Defendant saw Gaw leave the house and on entering the house went directly to the gun closet and got out his pistol. Defendant said to his step-daughter either, "I will shoot him" or "I will kill him." The step-daughter screamed "Don't do that, Don [the defendant]". When Gaw heard his wife scream he ran back to defendant's house and when he went in, he saw the defendant holding the gun looking as if he were raising the gun toward the step-daughter. Gaw "jumped" the defendant from behind and struck the gun. A bullet was fired through the kitchen doorway. The defendant and Gaw then wrestled for possession of the gun until defendant got Gaw on the floor and hit him in the head with the gun butt. The gun went off again and the bullet grazed Gaw's skull. He later recovered.

The defendant claims that as a matter of law he was resisting an unlawful assault by Gaw and that he used only the force reasonably necessary to overcome the assault. Defendant bases these contentions on the facts that Gaw had challenged him to fight. Gaw had been told to stay off defendant's property and he returned to defendant's home after fleeing it. Gaw "jumped" defendant from behind in defendant's own home intending to use whatever force was necessary to disarm defendant.

Whether defendant used more force than was "necessary" is a question of fact for the jury under proper instructions. Richardson v. State, 34 Ariz. 139, 268 P. 615. It is our opinion that there was sufficient evidence to submit to the jury the question of whether the force used was more than that "necessary".

Defendant also complains of the giving of the state's requested charge on self defense. The charge was:

"If an assault with the fists is being made on a person, but without intent to kill or to do great bodily harm, and if the assault is not likely to produce great bodily injury, and if the one thus attacked is not deceived as to the character of such an assault, he is not justified in using a deadly weapon in self defense."

This is not the correct test to determine whether a defendant has used more force than necessary to defend himself. The instruction places the burden upon the person assaulted to determine the intent of the person making the assault and assess the ability of the person making the assault to produce great bodily injury.

**30**

The correct test has been set forth by this Court in Everett v. State, 88 Ariz. 293–299, 356 P.2d 394–398 and is:

> "The question to be ultimately determined by the jury was whether defendant *reasonably* believed he was in personal danger * * * and whether he used no more force than 'necessary' to defend himself."

And see State v. Barker, 94 Ariz. 383, 385 P.2d 516 (Oct. 10, 1963).

Reversed and remanded with instructions to grant a new trial.

BERNSTEIN, C. J., and STRUCK-MEYER, J., concur.