518 P.2d 560

**STATE of Arizona, Appellee,**

v.

**George Ellington MASENGILL, Appellant.**

**No. 2549.**

Supreme Court of Arizona,
In Division.

Jan. 30, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Edward P. Bolding, Pima County Public Defender, Richard Van Duizend, Deputy Public Defender, Tucson, for appellant.

LOCKWOOD, Justice:

George Masengill, the defendant, was found guilty of the unlawful sale of narcotics, to wit heroin and was sentenced to a term of from five to seven years in the Arizona Prison. Defendant now appeals from his conviction and sentence.

Viewed in a light most strongly in favor of upholding the decision of the trial court, State v. Manis, 95 Ariz. 27, 386 P.2d 77 (1963), the facts of the case are as follows. On January 12, 1971 an undercover narcotics agent from the Tucson Police Department visited the apartment of a confidential police informer. Defendant and another person arrived a short time later.

After engaging in some small talk for a few minutes the undercover agent was left alone and the other parties moved to another room. The undercover agent was asked to join the others. The informant then told the agent that the defendant could procure heroin for him. The agent feigned disinterest whereupon the defendant stated that he could obtain the heroin for him "fairly easily". The agent then agreed to purchase three "papers" of heroin and give the defendant one of them for his services.

Defendant and the agent left in the agent's car. The defendant directed the agent to drive him to a location in South Tucson. After they parked, the agent gave the defendant thirty dollars. Defendant left the vehicle with the agent inside and returned a few minutes later with three packets of heroin. After they returned to the apartment the defendant gave the agent two packets and kept one for himself in accordance with their prior agreement.

Defendant was brought to trial on January 12, 1972 on a charge of unlawful sale of narcotics. The case was tried without a jury upon the agreement of both the defendant and the state.

At the trial the defendant took the stand on his own behalf. He testified that he was told by the informant that if he got some heroin for the agent he would be given some. He stated that prior to that time he never offered to buy heroin for him. Also he testified that it was the agent that gave him the heroin when they returned to the apartment.

The defendant pleaded entrapment. The court ruled that there was no basis to sustain a defense of entrapment and that the state sustained its burden of proof concerning the defendant's guilt.

On appeal the defendant urges that it was entrapment for government agents, the undercover narcotic agent and the confidential informant, to suggest to the defendant that he should sell them narcotics when he had never before offered to make such a sale and they knew the defendant was using narcotics heavily. Although we do not approve the method of the officers in permitting the defendant to retain a part of the heroin, we do not believe this was entrapment.

In support of his position the defendant relies upon State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970). In that case we held that in order to find entrapment existed, there has to be activity by the state in the nature of an inducement to commit crime which the accused would not otherwise have committed. Merely providing the opportunity to commit the offense is not sufficient however. While it is true that the informant first suggested that the defendant sell the drug to the undercover agent, merely affording the opportunity for the commission of the offense does not constitute entrapment. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). It was the defendant who promptly assured the agent that he could easily procure the heroin after the agent feigned disinterest. It was the defendant who directed the agent to take him to South Tucson so that he could procure the heroin. It was the defendant who willingly took the money from the agent and who willingly kept one packet of heroin for his own use. At no time was it ever alleged that the government had supplied the narcotic and the defendant readily admitted that he purchased the heroin without any assistance from the agent. Under these circumstances we hold that the trial court was correct when it ruled that there was no basis to sustain a defense of entrapment.

Defendant also contends that the furnishing of heroin to a known user falls so far below the standards of proper use of governmental power as to constitute entrapment as a matter of law. A review of the record indicates that the state never actually furnished the defendant with narcotics but merely permitted him to make a sufficient profit from the sale so that he could purchase a packet of heroin for his own use. It is wholly irrelevant to the defense of entrapment that the defendant was permitted to keep one of the packets

of heroin. The net effect of the transaction was that the defendant sold the undercover agent two packets of heroin for thirty dollars.

■ Defendant also contends that the trial court erred by failing to advise him of his right to a jury trial and to ascertain whether the defendant understood the effect of his waiver of the right to a jury trial. As the trial commenced a jury was called and voir dire examination was conducted. After that there was a recess. The court reconvened and the jury was waived in the following manner by the defendant:

"THE COURT: The court has been advised that counsel for the state and the defendant stipulate that this matter be heard to the court and request that the jury be dismissed.

Does the defendant George Masengill approve of the stipulation?

"MR. MASENGILL: Yes.

"THE COURT: The record will so indicate. * * *."

This issue was settled by this court in State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969). In that case we held that by permitting one's attorney, in the defendant's presence and without objection on the defendant's part, to waive defendant's right to a trial by jury, the defendant must be held to have knowingly acquiesced in the decision. Here the trial court went even further and asked the defendant if he wished to waive his right to a jury trial. The record affirmatively showed that he wished to waive his right to a jury trial. Accordingly we hold that there was no error and that the trial court is not required to do more than it did by asking and accepting the defendant's waiver.

■ Defendant's final contention is that the trial court abused its discretion in sentencing the defendant for the reason that it misunderstood the length of time the defendant would have to serve. It appears from the record that the trial judge thought that time off for good behavior would be deducted from the minimum sentence when in fact such time is subtracted from the maximum sentence for the purpose of determining the release date of inmates.

It is apparent that the judge thought he was sentencing the defendant to an ordinary term, allowing him credit for double time. Under the provisions of A.R.S. § 36–1002.02 under which the defendant was convicted, he would not be eligible for release until he had served a minimum of five years. For this reason the case is returned so that the trial judge may reassess his sentence. This is not to imply that this court is dissatisfied with the sentence actually imposed but it is proper for the trial court to review the sentence in order to dispel any ambiguities and resentence the defendant.

The judgment of conviction is affirmed and the case is remanded for resentencing in light of our holding.

HAYS, C. J., and HOLOHAN, J., concur.