542 P.2d 421

**STATE of Arizona, Appellee,**

**v.**

**Henry Ray SANCHEZ, Appellant.**

**No. I CA–CR 815.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 20, 1975.

Bruce E. Babbitt, Atty. Gen. by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Marvin Johnson, P.C. by J. Douglas McVay, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

This appeal questions the giving of "preliminary" instructions to the jury, whether the defense of entrapment was established as a matter of law and whether the instruction on entrapment was erroneous.

The appellant, Henry Ray Sanchez, was charged with the sale of heroin in violation of A.R.S. § 36–1002.02 and after a trial to a jury was found guilty.

The evidence giving rise to this conviction shows that the defendant was approached by an undercover agent purportedly interested in purchasing heroin. After the defendant indicated he could obtain the narcotic, the undercover agent gave the defendant funds for the purchase. The defendant took the money and returned shortly with two papers of heroin. Apparently these were obtained from third parties. The papers containing the heroin were delivered to the agent and as a "fee" for his services, the defendant demanded a "pinch" of the contraband. This was initially refused and the agent offered to pay the defendant $3.00, which the defendant agreed to take. After the sale had been completed, the defendant again insisted upon a taste or "pinch" of the heroin and this demand was complied with by the undercover agent. The defendant was not arrested at this time.

After the jury was impaneled and prior to the taking of any evidence, the trial court gave the jury some preliminary instructions. Among these was the following:

"Where the crime charged is the sale of a substance, the necessary intent is established by the transfer of any amount of a substance when the accompanying circumstances indicate an intent to sell."

No objection was made to this preliminary instruction. After close of the evidence, the jury was again instructed as follows:

"Thus, in the crime of sale of a narcotic drug, a necessary fact to be proved is the existence in the mind of the defendant of the specific intent to sell, and unless such intent to sell exists, that crime is not committed."

In addition, the jury was instructed on the elements of the crime of the sale of heroin. Also given was the following instruction on entrapment:

"Defendant has presented the defense of entrapment. To constitute a defense, the entrapment must be unlawful. Unlawful entrapment means:

"(1) The idea of committing the crime originated with the law enforcement officers or their agents rather than with the Defendant;

"(2) They urged and induced Defendant to commit the crime charged; and

"(3) The Defendant had no previous deposition [sic] to violate the law.

"The defense of unlawful entrapment is not established if a Defendant was either engaged in similar crimes, or was ready and willing to violate the law, and the law enforcement officers or their agents merely afforded him the opportunity of committing the crime. Under such circumstances entrapment is lawful rather than unlawful, even though the law officers may have used a ruse or otherwise concealed their identity.

"If you find the Defendant committed the crime because of unlawful entrapment, then you must return a verdict of not guilty."

The defendant took the stand in his own behalf and admitted he had procured the heroin for the officer.

First, the defendant contends that the preliminary instruction on intent is an incorrect statement of the law. Specifically, defendant argues that the use of the word "indicate" in the instructions ("intent is established by the transfer . . . when the accompanying circumstances *indicate* an intent to sell.") has connotations of "probable existence" and thus the burden of the state's persuasion beyond a reasonable doubt is not properly stated.

Aside from the fact that no objection was made to the giving of this instruction (we do not determine whether this omission is fatal), it must be remembered when this particular instruction was

given. This occurred immediately after the jury was impaneled and prior to the taking of any evidence. Moreover, it was given in the atmosphere of generally instructing the jury under Rule 18.6(c), Rules of Criminal Procedure, 17 A.R.S., of their general duties, their conduct during the trial informing them of the order of proceedings and the governing elementary legal principles. Assuming under these circumstances that the jury even remembered the specific wording of this instruction at the time they began their deliberations, it is not an incorrect statement of law. As was stated in *State v. Ballesteros,* 100 Ariz. 262, 413 P.2d 739 (1966):

"But where the crime charged is the sale of a narcotic drug, the required intent is established by the transfer of any amount *when the accompanying circumstances indicate an intent to sell."* (emphasis added) 100 Ariz. at 265, 413 P.2d at 741.

■ In our opinion, such an instruction does not bear on the burden of persuasion, but merely informs the jury that they may consider the circumstances surrounding the transfer of the narcotic in determining whether an intent to sell has been established. This is especially true when the jury was subsequently specifically instructed on proof beyond a reasonable doubt, specific intent to sell and the elements which must be established in order to find the defendant guilty of the crime charged.

The defendant also argues that this instruction is a comment on the evidence as it uses a mandatory "intent *is* established" rather than the permissive "intent *may* be established". We disagree. We find no error in the giving of this preliminary instruction.

The defendant next argues that because he had received from the hands of the agent himself some of the heroin he had sold, this amounts to entrapment as a matter of law. If we understand defendant's argument to be that because law enforcement officers are giving heroin to users and to deter this unseemly practice the defense of entrapment should be imposed as a matter of law, we disagree. Here the conduct of the undercover agent in allowing the defendant to "taste" the contraband may have been dictated by the circumstances surrounding the sale and the safety of the officer involved and it obviously is material evidence for the jury to consider in determining whether the defense of entrapment has been established. But entrapment as a matter of law, it is not. *See, State v. Masengill,* 110 Ariz. 310, 518 P.2d 560(1974).

■ Finally, the defendant contends that the court's instruction on entrapment was incorrect because it introduced the concept of "lawful" versus "unlawful" entrapment, citing *United States v. Hayes,* 441 F.2d 542 (10th Cir. 1971). We note that no objection was made to the giving of this instruction. Conceding the lack of objection, the defendant urges that this instruction constitutes fundamental error. We disagree. As was stated in *State v. Rubino,* 23 Ariz.App. 143, 531 P.2d 188 (1975):

"Although the 1974 Recommended Arizona Jury Instruction concerning entrapment which eliminates the use of the 'unlawful' term is seemingly better, its inclusion did not render the instruction an incorrect statement of the law, and here it is not error." 531 P.2d at 192.

While we might find the instructions somewhat confusing, we do not find that such confusion rises to the level of fundamental error, and the failure of the defendant to object to its submission constitutes a waiver of the right to question the giving of the instruction on appeal. Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S.

For the foregoing reasons, the judgment and sentence of the trial court are affirmed.

HAIRE, C. J., and EUBANK, J., concur.