570 P.2d 766

STATE of Arizona, Appellee,

v.

James Edward WARDE, Appellant.

No. 3878.

Supreme Court of Arizona,
In Banc.

Oct. 13, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

On May 3, 1976 James Edward Warde was charged by information with one count of second-degree burglary and one count of grand theft. He was also charged with one count of second-degree burglary and one count of grand theft in a separate information filed on June 10, 1976. The appellant entered into a written plea agreement on July 9, 1976 in which he pled guilty to each of the counts of second-degree burglary in exchange for the dismissal of each of the charges of grand theft. The trial court accepted the appellant's pleas of guilty in both cases after determining that the pleas were made knowingly, voluntarily and intelligently. The trial court sentenced appellant to consecutive sentences of not less than two and one-half nor more than five years on the charges to commence as of August 10, 1976, the date of sentencing. Although appellant had been incarcerated since April 13, 1976, he was not given credit for the presentence jail time. Timely notices of appeal were filed as to each of the charges on August 12, 1976. We have taken jurisdiction of this appeal pursuant to 17A A.R.S., Rules of the Supreme Court, rule 47(e)(5).

Appellant has raised two issues in his appeal.

1. Is appellant entitled to be resentenced if the trial judge imposed a sentence which did not comport with his expressed intention?

2. Is the appellant entitled to credit for his presentence incarceration?

■ It is appellant's contention that the trial judge misunderstood the effect of the sentence which he imposed. In its presentence investigation the Probation Department recommended that appellant be given the maximum term on each of the counts to which he pled guilty and the sentences be served consecutively. At the sentencing hearing on August 10, 1976 the trial judge indicated that he believed the Probation Department's recommendation of consecutive maximum terms was "somewhat harsh." Immediately after his comment the judge sentenced appellant to consecu-

tive terms of not less than two and one-half nor more than five years in the Arizona State Prison commencing as of August 10, 1976. Following the pronouncement of this sentence the trial court then made the following comment:

"Now, this is substantially less than the Probation Department has recommended. In fact, it's half of what they recommended."

Appellant argues that the judge's comments indicate his intention to impose a sentence which was substantially ·less severe than the maximum consecutive sentences recommended by the Probation Department. It is argued that the trial judge imposed the two-and-one-half-year minimum sentences because he believed that they would reduce the amount of time appellant must serve before being eligible for parole under A.R.S. § 31–411A or early completion of his sentence after allowing for the statutory time credits provided in A.R.S. §§ 31–251 and 31–252. In view of the fact that the minimum sentences had no effect upon the parole eligibility statute or the time credit statutes, appellant contends that the case should be remanded to the Superior Court for reconsideration of his sentence. We do not agree that the facts in this case require a remand for reconsideration of the sentence imposed.

The comments of the trial judge at the time of sentencing do not indicate that he was attempting to consider either the time credits or the parole eligibility standards which would thereafter apply to appellant's sentence. We do not believe the judge's comments can be interpreted to mean that he misunderstood the application of the time credit and parole eligibility statutes. We shall not require that the case be remanded for reconsideration of the sentence absent a clear manifestation that the trial court was considering the effects of such statutes but nevertheless imposed a sentence which was contrary to his interpretation of them. *State v. Masengill,* 110 Ariz. 310, 518 P.2d 560 (1974); *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973).

■ The maximum sentence of five years on each count was authorized by A.R.S. § 13–302B. This court will uphold a sentence which is within the statutory limits when there is no showing of a clear abuse of discretion. *State v. Toney,* 113 Ariz. 404, 555 P.2d 650 (1976); *State v. Ware,* 113 Ariz. 337, 554 P.2d 1264 (1976). The trial court did not abuse its discretion in this case and the imposition of the consecutive sentences of not less than two and one-half years nor more than five years is affirmed.

The appellant contends that the trial court erred when it failed to credit him with the county jail time which he had served from the time of his arrest to the time of his sentencing. The state concedes this point. We agree with the parties.

Prior to the promulgation of the 1973 Rules of Criminal Procedure this court had ruled that credit for jail time prior to sentence was not a matter of right but discretionary with the trial court. *State v. Kennedy,* 106 Ariz. 190, 472 P.2d 59 (1970); *State v. Rhodes,* 104 Ariz. 451, 454 P.2d 993, cert. den., 396 U.S. 945, 90 S.Ct. 383, 24 L.Ed.2d 246 (1969). With the promulgation of the criminal rules the suggestion in *State v. Kennedy, supra,* that it would be good practice to state that consideration was given to the time spent in jail prior to sentence, became a requirement. 17 A.R.S. Rules of Criminal Procedure, rule 26.10b(2). In *State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (1975) the action of this court confirmed that trial judges in sentencing must consider the time spent in custody prior to sentence.

■ In the case at issue the trial court not only failed to consider appellant's presentence incarceration, but it also sentenced him to the maximum term authorized by A.R.S. § 13–302B. Since *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) a number of state and federal appellate courts including our Court of Appeals, *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975); *State v. Sutton,* 21 Ariz. App. 550, 521 P.2d 1008 (1974), have held that a defendant, as a matter of equal protection, must be credited with presen-

tence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence. We believe this position to be sound.

The consecutive sentences of not less than two and one-half nor more than five years imposed by the trial court on each count are affirmed. By the authority granted us in A.R.S. § 13–1717 we modify the sentence in Cause No. CR 93169 to give the appellant credit for presentence incarceration, and the sentence in the above cause number shall date from April 13, 1976.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.