751 P.2d 548

**The STATE of Arizona, Appellee,**

v.

**Raymond Howard WILLIAMS, Jr., Appellant.**

No. 2 CA–CR 4489.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 6, 1987.

Review Denied March 30, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Joseph T. Maziarz, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted of unlawful sale of a narcotic drug, a class 2 felony. He was sentenced to four years' probation and 60 days' imprisonment pursuant to A.R.S. § 13–3406(B)(2). On appeal, he contends that the trial court erred in 1) refusing to order the state to disclose the identity of a confidential informant, 2) refusing to direct a verdict of acquittal on the ground that entrapment was established as a matter of law, and 3) giving the state's requested instruction on entrapment. We disagree and affirm.

Considering the evidence in the light most favorable to sustaining the verdict, *State v. Neal,* 143 Ariz. 93, 692 P.2d 272 (1984), appellant was introduced to two undercover police officers (McNally and Kreutz) by a confidential informant approximately one week prior to the transaction for which appellant was indicted. The informant was himself facing certain criminal charges and had entered into a written agreement under which he would "produce" three cases for the police in return for lenient treatment on his own charges. The informant was prohibited by the agreement from coercing or entrapping a person and from introducing a suspect to the police unless he had knowledge that the person was predisposed to sell narcotics. At the meeting with appellant, the officers apparently made a small "introductory buy" of cocaine for which appellant was not prosecuted.

One week after the initial introduction and purchase, McNally and another undercover officer arrived at appellant's trailer home, and McNally asked if appellant could obtain half a gram of cocaine for him. Appellant indicated that he could and sent an individual identified as his son to a

neighboring trailer to determine if his source was available. After some conversation, it was agreed that McNally would leave and that if appellant did not reach him by telephone within the hour, he would return the next day to purchase the cocaine. Receiving no call from appellant, McNally returned the next day with a different officer and again asked if he could obtain the cocaine. Appellant quoted a price, McNally gave him the amount in cash, and appellant left the trailer and gave the money to an individual named Tom who was just driving away from the trailer next door. A short while later, Tom returned in his car, appellant went out to him and returned with a gram of cocaine which he gave to McNally. Appellant was arrested the same day. The informant was not present when McNally initially requested the purchase or when the transaction was consummated.

Appellant's first trial ended in a stipulated mistrial when his counsel learned, prior to the presentation of evidence, that the state intended to rebut his defense of entrapment with evidence of the prior "introductory buy." Appellant then filed a motion for disclosure of the informant's identity. The trial court denied the motion but ruled that the state would be required to disclose his identity, address and telephone number if it planned to introduce evidence of the prior sale. The state filed a motion for reconsideration, arguing that it should be allowed to use the evidence of the prior sale for impeachment purposes even though it could not comply with the trial court's prior ruling because the whereabouts of the informant were then unknown to the state. It does not appear from the record that the court ruled upon this motion.

Nothing further transpired until a pretrial hearing on pending motions nearly five months later. At that time, appellant again moved for disclosure of the informant, arguing that his testimony was critical to the entrapment defense and that he was prejudiced by the state's "loss" of the witness. The trial court refused to alter the prior ruling and denied the motion.

At trial, the state's witnesses testified to the events outlined above, with the exception of the introductory sale of cocaine. Officer McNally also testified that the introduction was made by a confidential informant and described the substance of their agreement with him. In an effort to establish the entrapment defense, appellant and his wife testified that the informant repeatedly pestered appellant's wife to have appellant purchase cocaine for him, that they were experiencing economic difficulties, and that appellant finally agreed to make the purchase in order to stop the informant from further bothering his family.

▪ Rule 15.4(b)(2), Rules of Criminal Procedure, 17 A.R.S., provides as follows:

> Disclosure of the existence of an informant or of the identity of an informant who will not be called to testify shall not be required where disclosure would result in substantial risk to the informant or to his operational effectiveness, provided the failure to disclose will not infringe the constitutional rights of the accused.

Although appellant contends that the state failed to make an adequate showing of risk to the informant, we believe the record supports the invocation of the privilege. It is also apparent from the record that disclosure of the informant's identity was not really an issue in the case. Appellant and his wife testified at trial that the individual who allegedly entrapped appellant resided in their trailer park, that appellant's wife was acquainted with the informant's wife, and that it was through his wife that the informant became acquainted with appellant's wife. In addition, appellant supplied the informant's name to the court at the motions hearing immediately prior to trial.

Thus, it is clear that appellant knew the identity of the informant from the very beginning and that he was aware of the informant's whereabouts at least at the time he was initially arrested. Accordingly, Rule 15.4(b)(2) has no applicability. Appellant's problem was in ascertaining the whereabouts of the informant at the time of trial. However, no effort had been

made to seek the state's assistance in locating the informant in the year between the occurrence of the offense and appellant's trial. The state had made it plain in its motion for reconsideration five months prior to trial that it no longer knew where the informant lived. Under these circumstances, appellant has waived any claim of error.

In any event, we see no prejudice to appellant from the absence of the informant's testimony. Appellant and his wife testified to the informant's actions in repeatedly visiting appellant's wife and asking her to have her husband arrange a purchase for his friends. Appellant further testified that he agreed to do so "[j]ust so he'd leave my family alone." Nothing in the officers' testimony in any way contradicted this testimony. Indeed, through the officers' testimony, it was established that the informant was an agent of the police, that he was "working off" certain charges against him, and that he was required to produce three cases under his agreement with the state. This testimony provided evidence of the informant's possible motive for entrapping appellant. The informant's testimony would not have served to bolster one side against the other in a case of conflicting testimony; the appellant's testimony as to the informant's conduct was in effect uncontradicted by the state. We therefore see no prejudice in the absence of the informant's testimony.

Appellant's second argument, that he was entitled to a directed verdict of acquittal on the ground that entrapment was established as a matter of law, is without merit. "Entrapment is a question for the jury unless there is no evidence to support the defense or unless uncontradicted testimony makes it clear that an otherwise innocent person has been induced to commit criminal acts." *State v. Gessler*, 142 Ariz. 379, 382, 690 P.2d 98, 101 (App.1984). Appellant contends that the burden was on the state to introduce evidence that he was predisposed to commit the offense, and his testimony that the idea to commit the offense originated with the informant stands uncontradicted. We disagree.

■ We note initially that appellant's testimony as to the informant's conduct does not amount to "clear" evidence "that an otherwise innocent person has been induced to commit criminal acts." *State v. Gessler*, 142 Ariz. at 382, 690 P.2d at 101. Further, although it is true that no evidence was introduced which directly contradicted appellant's testimony as to the informant's actions—nor, indeed, could there have been since the officers were not then present—that does not mean that appellant's assertion that he was not predisposed to commit the offense was uncontradicted. Officer McNally's testimony as to what transpired during the actual purchase of the cocaine was relevant to the issue of predisposition and did contradict appellant's testimony. The officer testified that the meeting at which the sale was first discussed was. not prearranged by the informant and that neither at that time nor at the actual sale did appellant appear in any manner hesitant or unwilling to engage in the transaction. The officer further testified that appellant told him to contact him again if he wanted to make additional purchases. With this evidence before the jury, appellant was not entitled to a directed verdict.

■ Appellant's final argument is that the trial court erred in adding to the R.A. J.I. instruction on entrapment the following language:

The defense of unlawful entrapment is not established if the Defendant was ready and willing to violate the law, and the law enforcement officers or their agents merely afforded him the opportunity of committing the crime.

Under these circumstances, entrapment is lawful rather than unlawful, even though the law enforcement—even though the law officers may have used a ruse or concealed their identity.

Appellant argues that the instruction was erroneous and confusing and that his conviction must therefore be reversed. Although the use of the terms "lawful" and "unlawful" entrapment may be confusing, see *State v. Sanchez*, 25 Ariz.App. 228, 542 P.2d 421 (1975); *State v. Rubino*, 23 Ariz.

App. 143, 531 P.2d 188 (1975), we do not find that the above instruction, coupled with the R.A.J.I. instruction on entrapment, was an incorrect statement of the law, nor do we find "a reasonable probability that the jury verdict would have been different if the trial court had deleted the 'unlawful' term from the jury instruction." *State v. Rubino*, 23 Ariz.App. at 147, 531 P.2d at 192. We therefore find no basis for reversal.

We have reviewed the entire record for fundamental error, A.R.S. § 13–4037, and have found none. The judgment of conviction and sentence are therefore affirmed.

LIVERMORE, P.J., and ROLL, J, concur.