800 P.2d 1

STATE of Arizona, Appellee,

v.

Jose Luis CERECERES, Appellant.

No. 1 CA–CR 89–397.

Court of Appeals of Arizona,
Division 1, Department C.

March 29, 1990.

Review Denied Nov. 27, 1990.

Jessica Gifford Funkhouser, Asst. Atty. Gen., Chief Counsel, Crim. Div. by Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Presiding Judge.

The appellant, Jose Luis Cereceres, was indicted on two counts of armed robbery and two counts of aggravated assault. He subsequently pled no contest to an amended count of attempted armed robbery, a class 3 felony, in violation of A.R.S. §§ 13–1001, –1901, –1902, and –1904. Appellant was sentenced to an aggravated term of 10 years imprisonment, with credit for 110 days of presentence incarceration. The sole issue raised on appeal is whether the trial court erred by not granting appellant presentence incarceration credit for the day of his arrest in addition to the credit allowed for the 110 days he was confined in the Maricopa County Jail prior to sentencing. We find no error because we conclude that appellant was not in custody for purposes of calculating presentence incarceration credit until he was actually incarcerated in the county jail. Accordingly, we affirm the conviction and sentence imposed by the trial court.

On December 7, 1988, at approximately 10:00 p.m., appellant approached a woman and her fourteen-year-old daughter as they were getting into their car in a church parking lot. He placed a white plastic bag in the passenger door to keep it open and asked if they wanted to buy a television. He then produced a Smith & Wesson .357 Magnum revolver, held it to the child's neck, and demanded their purses. After obtaining the purses, appellant fled on foot. The police were notified, and, within a few minutes, appellant was observed running down the street carrying several items in his arms. Following a brief pursuit, he was apprehended in the backyard of a residence. The two purses, the white plastic bag, and the .357 Magnum were found nearby.

Appellant was indicted on two counts of armed robbery and two counts of aggravated assault. The state subsequently filed an allegation of dangerousness. Thereafter, appellant entered into a plea agreement whereby he agreed to plead no contest to an amended count of attempted armed robbery. In exchange for appellant's plea, the state agreed to dismiss the remaining counts of the indictment and the allegation of dangerousness. Following acceptance of the plea agreement by the trial court, appellant was sentenced to an aggravated term of 10 years imprisonment, with credit for 110 days of presentence incarceration. Appellant filed a timely notice of appeal.

On appeal, we consider the question of whether the trial court failed to give appellant credit for all of his presentence incarceration. The record indicates that appellant was arrested at 10:04 p.m. on December 7, 1988, and booked into the county jail on December 8, 1988. Between the time of appellant's arrest and his sentencing on March 28, 1989, he was never released. As a result, appellant contends that he was in custody on the day of his arrest and should be awarded credit for that day.

Use of the word "custody" is not uniform. It is commonly interchangeable with such terms as "imprisonment", "jail", "arrest", and "detention". Consequently, its meaning varies depending upon the construction of the particular statute under consideration. Resolution of the issue before us requires interpretation of the word "custody" as it is used in the context of A.R.S. § 13-709(B):

> All *time actually spent in custody* pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter. (emphasis added)

■ When construing a statute, the cardinal principle is to ascertain and give effect to the legislative intent behind the statute. *E.g., Atchison, Topeka & Santa Fe Railway Company v. Arizona Department of Revenue*, 162 Ariz. 127, 132, 781 P.2d 605, 610 (App.1989); *Martin v. Mar-*

*tin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988); *Calvert v. Farmers Insurance Company of Arizona*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). To determine legislative intent, we examine the language used, the context, the subject matter, the effects and consequences, and the spirit and purpose of the law. *E.g., Atchison, Topeka & Santa Fe Railway Company*, 162 Ariz. at 132, 781 P.2d at 610; *Martin*, 156 Ariz. at 457, 752 P.2d at 1043; *Arizona Newspapers Association, Inc. v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985). Moreover, particular words in a statute must be interpreted in conjunction with the entire text of the statute. *State v. Sanchez*, 128 Ariz. 547, 548, 627 P.2d 698, 699 (1980), *vacated on other grounds*, 128 Ariz. 525, 627 P.2d 676 (1981).

Applying these rules of construction to the instant dispute, we note that A.R.S. § 13-709(B) is located in the chapter of the penal code relating to sentencing. Its stated purpose is to credit a defendant with all time served in presentence incarceration. The word "custody" thus appears in the context of serving a sentence of imprisonment. Its effect is to reduce the sentence a defendant ultimately receives by the length of time he has already been incarcerated for the offense. Accordingly, we can reasonably infer that the legislature intended that custody, for purposes of A.R.S. § 13-709(B), be equated with incarceration in a jail or prison and not merely with the substantial restraint of freedom which is commensurate with an arrest or detention.

We draw further support for this inference from a review of the development of the law in the area of credit for presentence custody. Before promulgation of the 1973 Arizona Rules of Criminal Procedure, the Arizona Supreme Court held that credit for jail time served prior to sentencing was not a matter of right but was discretionary with the trial court. *State v. Kennedy*, 106 Ariz. 190, 193, 472 P.2d 59, 62 (1970); *State v. Rhodes*, 104 Ariz. 451, 455, 454 P.2d 993, 997 (1968), *cert. denied*, 396 U.S. 945, 90 S.Ct. 383, 24 L.Ed.2d 246 (1969). Thereafter, pursuant to Rule 26.10 b(2), Arizona

Rules of Criminal Procedure, the court held that trial judges in sentencing must consider the time spent in jail prior to sentencing. *State v. Warde,* 116 Ariz. 598, 600, 570 P.2d 766, 768 (1977); *State v. Gomez,* 112 Ariz. 243, 245, 540 P.2d 1224, 1226 (1975), *overruled on other grounds* by *State v. Ojeda,* 159 Ariz. 560, 769 P.2d 1006 (1989). This presentence credit became mandatory with passage of A.R.S. § 13–709(B) in 1978. *See State v. Cruz–Mata,* 138 Ariz. 370, 375, 674 P.2d 1368, 1373 (1983). Both Rule 26.-10 b(2) and A.R.S. § 13–709(B) use the word "custody". *Warde* and *Gomez* base their holdings on Rule 26.10 b(2) but use the word "jail" interchangeably with "custody". *See Warde,* 116 Ariz. at 600, 570 P.2d at 768; *Gomez,* 112 Ariz. at 245, 540 P.2d at 1226. Similarly, the holding in *Cruz–Mata* is based on A.R.S. § 13–709(B) yet the court uses the word "custody" as a corollary of conditions equivalent to jail or prison. *See Cruz–Mata,* 138 Ariz. at 374–76, 674 P.2d at 1372–74.

In the case currently before us, the state contends that appellant received credit for all time actually spent in custody prior to sentencing. We agree. The state, relying on *State v. Vasquez,* 153 Ariz. 320, 736 P.2d 803 (App.1987), argues that time spent in custody for purposes of A.R.S. § 13–709(B) requires that a defendant receive credit only for periods in which he is in actual or constructive control of jail or prison officials. Although the particular issue addressed in *Vasquez* was whether time spent in a treatment program as a condition of probation should be credited against any sentence of imprisonment imposed upon revocation of probation, the court's analysis is equally applicable to the facts and circumstances of the instant case.

Just as there is a conceptual difference between incarceration and a structured treatment program, there is also a clear distinction between incarceration and arrest. Although an arrest restrains an individual's freedom, it does not approximate the restraint characteristic of incarceration. This fact, coupled with the placement of A.R.S. § 13–709(B) in the sentencing statutes, warrants the conclusion that only time spent under conditions tantamount to incarceration in a jail or prison constitutes "... time actually spent in custody ..." for purposes of calculating presentence incarceration credit.

It is the policy of the law to encourage certainty in the sentencing process. *State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983). Our holding is designed to promote such certainty and eliminate confusion regarding the date from which presentence incarceration credit accrues. It is a "bright line rule" which hopefully can be applied to the myriad of situations arising under the statute. *See State v. Zumwalt,* 7 Ariz.App. 348, 352, 439 P.2d 511, 515 (1968); *Bowen v. Chemi–Cote Perlite Corp.,* 5 Ariz.App. 28, 38, 423 P.2d 104, 114, *vacated on other grounds,* 102 Ariz. 423, 432 P.2d 435 (1967).

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none. Accordingly, the conviction and sentence are hereby affirmed.

GERBER and McGREGOR, JJ., concur.