107 P.3d 930

**STATE of Arizona, Appellee,**

v.

**Stephen Wayne COFIELD, Appellant.**

**No. 1 CA–CR 04–0242.**

Court of Appeals of Arizona,
Division 1, Department D.

March 1, 2005.

As Amended March 10, 2005.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel Criminal Appeals Section and Eric J. Olsson, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Brent E. Graham, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶1 Stephen Wayne Cofield appeals from the trial court's order denying his request for correction of time-served credit. He contends that he should be awarded presentence incarceration credit for the time that he was detained in the Arizona State Hospital as an allegedly sexually violent person ("SVP"). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Cofield pled guilty to three counts of attempted child molestation, committed in 1994. The trial court ultimately suspended imposition of the sentence and placed Cofield on lifetime intensive probation for all three counts. The court further ordered Cofield to serve one year in jail as a condition of probation on each count, but credited Cofield with time already served on counts one and two.

¶3 Cofield served the year in jail on count three and was released from custody in July 1998. He remained on probation.

¶4 He was re-incarcerated in August 1998 on allegations of probation violations and on charges of committing new offenses. Cofield was found to be in violation of probation after being convicted of new charges in Maricopa County cause numbers CR 98–12278 and CR 98–13132. At disposition in April 1999, the trial court ordered that Cofield's probation on all three counts of attempted child molestation be reinstated, beginning on the date of his release from the Department of Corrections ("DOC") on his prison sentences in cause numbers CR 98–12278 and CR 98–13132.

¶5 Cofield was scheduled to be released from the DOC on the offenses in cause numbers CR 98–12278 and CR 98–13132 on May 14, 2002. Prior to his release, the State filed a petition for detention of Cofield pursuant to Arizona Revised Statutes ("A.R.S.") section 36–3704(A) (2003), alleging that Cofield was an SVP. In this separate civil-commitment proceeding, the trial court found on May 13, 2002 that probable cause existed to believe that Cofield was an SVP. See A.R.S. §§ 36–3704, –3705, and –3701(7) (2003).[1] Upon his release from the DOC on May 14, 2002, Cofield was transported to the Arizona Community Protection and Treatment Center ("ACPTC") at the Arizona State Hospital for detention and evaluation pending the SVP determination. Cofield remained at the hospital until June 10, 2003, when he was arrested and re-incarcerated for violating the terms of his probation by allegedly having committed criminal damage, a class six felony.[2]

¶6 Following a violation hearing, the trial court found that Cofield had violated the terms and conditions of his probation. In September 2003, the court revoked his probation and sentenced Cofield to the DOC for concurrent ten-year terms on counts one and two to be followed by lifetime probation on count three. The court credited Cofield with 1053 days of presentence incarceration on counts one and two.

¶7 Cofield appealed the finding of probation violations and the subsequent dispositions. This court affirmed the trial court's order revoking Cofield's probation and imposing these sentences. See State v. Cofield, 1 CA–CR 03–0837 (Ariz.App. Aug. 26, 2004) (mem.decision).

¶8 In October 2003, Cofield filed a request for correction of time-served credit, seeking

---

1. Because Cofield challenged the trial court's initial finding of probable cause, a hearing was held that resulted in a reiteration of the probable cause finding. See Minute Entries dated May 13, 2002 through October 23, 2003, In re Cofield, No. CV 02–8815 (Superior Court of Maricopa County).

2. The evidentiary hearing and jury trial on Cofield's status as an SVP was scheduled to commence June 17, 2003. After Cofield's arrest on June 10, 2003, the hearing was vacated and the SVP petition was eventually dismissed without prejudice. See Minute Entry dated October 23, 2003, In re Cofield, No. CV 02–8815 (Superior Court of Maricopa County). Cofield was detained beyond the 120–day limit set forth in A.R.S. § 36–3706 (2003). Cf. Ugalde v. Burke, 204 Ariz. 455, 458, ¶ 12, 65 P.3d 103, 106 (App. 2003) ("Delays extending beyond the 120–day limit should be authorized only upon a determination of good cause or if the alleged SVP will not be substantially prejudiced."). Questions whether Cofield was inappropriately denied the protection of A.R.S. § 36–3706 or otherwise denied due process in that proceeding are not before us in this appeal.

an increase in the amount of his presentence incarceration credit. In December 2003, the trial court denied the motion.

¶ 9 In March 2004, the trial court granted Cofield's motion to file a delayed notice of appeal of the court's December 2003 order denying his request for correction of time-served credit. He then appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003) and 13–4033(A)(2) (2001) (authorizing appeal from "an order made after judgment affecting the substantial rights of the party").

## ANALYSIS

■ ¶ 10 Cofield argues that the trial court failed to award him 392 days of presentence incarceration credit for those days spent detained in the ACPTC awaiting the outcome of the SVP proceeding. Because Cofield did not make this argument to the trial court, we first consider whether the argument is waived as the State contends. We have previously stated that a trial court's failure to grant a defendant full credit for presentence incarceration "clearly constituted fundamental error." *State v. Ritch,* 160 Ariz. 495, 498, 774 P.2d 234, 237 (App.1989). Fundamental error may be raised at any time. *Id.; see also O'Connor v. Hyatt ex rel. County of Maricopa,* 207 Ariz. 409, 411, ¶ 3, 87 P.3d 97, 99 (App.2004) ("An illegal sentence is fundamental error that we must correct."). Cofield's argument, therefore, has not been waived.

■ ¶ 11 Whether Cofield is entitled to presentence incarceration credit is determined by application of A.R.S. § 13–709(B) (2001):

> All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

(Emphasis added.) Was Cofield's time spent in detention as an alleged SVP, while on probation for the three attempted child molestation convictions, "time actually spent in custody pursuant to" these offenses? Our answer is no.

¶ 12 Cofield was detained at the ACPTC based upon probable cause that he was a danger to society as an SVP. *See* A.R.S. § 36–3705; *see also In re Leon G.,* 204 Ariz. 15, 20, ¶ 12, 59 P.3d 779, 784 (2002) ("If the judge determines that probable cause exists, the judge must order the person to be detained in a licensed facility under the supervision of the superintendent of the Arizona State Hospital and must order an evaluation of the person at the county's expense."). While so detained, Cofield was not awaiting trial or sentencing regarding the three attempted child molestation offenses. Instead, he was released from incarceration and on probation for these offenses.

¶ 13 The authority for Cofield's detention is not found in Arizona's criminal statutes. Rather, Cofield was detained in accordance with statutory procedures establishing a special civil commitment procedure. *See* A.R.S. §§ 36–3701 to –3717 (2003); *see also Martin v. Reinstein,* 195 Ariz. 293, 302–07, ¶¶ 19–36, 987 P.2d 779, 788–93 (App.1999) (determining that Arizona's SVP Act is civil in nature rather than criminal); *Kansas v. Hendricks,* 521 U.S. 346, 361–69, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (distinguishing "involuntary commitment" from "punishment" to find that Kansas' Sexually Violent Predator Act that establishes commitment proceedings for SVPs is civil in nature rather than criminal). The civil commitment proceeding is separate from this criminal proceeding in which Cofield pled guilty to three counts of attempted child molestation. Cofield does not contend that the trial court's finding in the civil action of probable cause to detain him as an alleged SVP was based solely on his convictions for attempted child molestation. And we are unable to evaluate the relationship between the attempted child molestations and the detention because our record does not include the entire record of the civil commitment proceedings. It is unlikely that the probable cause finding was based entirely on the three attempted child molestations. But even if that is true, Cofield's detention as an alleged SVP was part of a separate civil proceeding, with a foundation, purpose, and structure that differs significantly from a criminal proceeding. *See id.*

¶ 14 For these reasons, Cofield was not detained "pursuant to" the attempted child

molestation offenses, as required by A.R.S. § 13–709(B).

¶ 15 Additionally, Cofield is not entitled to presentence incarceration credit for his time spent detained as an alleged SVP because he was not "in custody" within the meaning of A.R.S. § 13–709(B). "Arizona court decisions have consistently interpreted the 'in custody' requirement of this statute to mean actual or constructive control of prison or jail authorities." *State v. Reynolds,* 170 Ariz. 233, 235, 823 P.2d 681, 683 (1992); *see also State v. Carnegie,* 174 Ariz. 452, 453, 850 P.2d 690, 691 (App.1993); *State v. Cereceres,* 166 Ariz. 14, 15–16, 800 P.2d 1, 2–3 (App. 1990). While detained, Cofield was not under actual or constructive control of prison or jail authorities. He was detained in a licensed facility under the supervision of the superintendent of the Arizona State Hospital. *See* A.R.S. § 36–3705(B).

¶ 16 Cofield contends that the length of his detention, the severity of the restrictions on his liberty, and the absence of rehabilitation efforts during his detention constitute "constructive custody" and distinguish his claim for presentence incarceration credit from that rejected in *Reynolds.* We disagree, however, because these factors do not bring his detention within the scope of A.R.S. § 13–709(B).

¶ 17 These factors—length of time detained, severity of restrictions, and absence of rehabilitative treatment—do not address whether Cofield was detained "pursuant to" the convictions for attempted child molestation. See ¶¶ 12–14 above. And although the defendant in *Reynolds* was denied presentence incarceration credit for time spent in a residential drug rehabilitation program, it was not the presence of rehabilitative treatment that defeated the application of A.R.S. § 13–709(B) but rather the fact that the defendant was not in actual or constructive control of prison or jail authorities. *See Reynolds,* 170 Ariz. at 235, 823 P.2d at 683. Moreover, the supreme court in *Reynolds* concluded that the severity of the restrictions on a person's liberty was not determinative whether a person was "in custody" for purposes of A.R.S. § 13–709(B). *Id.* at 234 n. 1, 823 P.2d at 682 n. 1.

¶ 18 In his reply brief, Cofield adds that the severity of the restrictions on his liberty during his detention violated his due process rights and should result in an award of presentence incarceration credit. We disagree because even if we assume a due process violation during Cofield's civil detention as an alleged SVP, he was not "in custody pursuant to" his three attempted child molestation convictions during his detention. Under A.R.S. § 13–709(B), therefore, he is not entitled to presentence incarceration credit for the detention.

¶ 19 Finally, we note that the legislature has provided that credit for presentence incarceration must be given under specific circumstances. *See, e.g.,* A.R.S. § 13–605(D) (2001) (mandating credit for presentence diagnostic commitment of defendant in custody of DOC to aid in sentencing); A.R.S. § 13–606(B) (2001) (mandating credit for civil commitment during prison term); A.R.S. § 13–709(C) (2003) (mandating credit at resentencing for time served under vacated sentence). Our conclusion is supported by the fact that the legislature has not provided that a person detained as an alleged SVP would be entitled to presentence incarceration credit. *See Reynolds,* 170 Ariz. at 235, 823 P.2d at 683.

## CONCLUSION

¶ 20 We conclude that Cofield is not entitled to presentence incarceration credit under A.R.S. § 13–709(B) for the time he was detained at the ACPTC pending resolution of the SVP allegations. We therefore affirm the trial court's order denying Cofield's request for correction of time-served credit.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and G. MURRAY SNOW, Judge.