NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

PAUL ELLIOT TAYLOR, *Petitioner.*

No. 1 CA-CR 18-0607 PRPC
FILED 2-14-2019

---

Petition for Review from the Superior Court in Maricopa County
No. CR2016-001575-001
CR2016-005559-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**REVIEW GRANTED AND RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Paul Elliot Taylor, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

**¶1**      Paul Elliot Taylor petitions this Court for review from the dismissal of his petition for post-conviction relief of-right ("PCR"). We have considered the petition for review and for the reasons stated, grant review but deny relief.

**¶2**      In June 2017, Taylor entered two plea agreements, pleading guilty to one count of aggravated DUI in CR 2016-001575 and one count of aggravated DUI and one count of possession of dangerous drugs in CR 2016-005559. As set forth in the plea agreements, Taylor stipulated to a term of 4.5 years' imprisonment in CR 2016-001575 and a consecutive term of 2.5 years' imprisonment in CR 2016-005559. The trial court sentenced Taylor in accordance with the plea agreements' terms and awarded him presentence incarceration credit of 471 days in CR 2016-001575 and 318 days in CR 2016-005559.

**¶3**      After sentencing, Taylor moved to correct the presentence incarceration credit awarded to him in CR 2016-005559. *See* Ariz. R. Crim. P. ("Rule") 24.4 ("The court on its own or on a party's motion may, at any time, correct clerical errors, omissions, and oversights in the record."). Concluding Taylor had "received the appropriate credited time[,]" the trial court dismissed the motion to correct.

**¶4**      Taylor then timely commenced Rule 32 proceedings in CR 2016-005559 but not in CR 2016-001575. Filing identical PCRs in both CR 2016-005559 and CR 2016-001575, Taylor argued that the trial court improperly calculated his presentence incarceration credit in both cause numbers. The trial court dismissed the PCRs, and this petition for review followed.

**¶5**      Absent an abuse of discretion or error of law, this Court will not disturb a trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). The burden is on Taylor to show that the trial court abused its discretion. *See State v. Poblete*, 227 Ariz. 537,

538 ¶ 1 (App. 2011) (petitioner has burden on review to establish abuse of discretion).

¶6        On review, Taylor reasserts his claim that the trial court incorrectly calculated his presentence incarceration credit in both cause numbers. As the trial court found, Taylor failed to file a notice of post-conviction relief in CR 2016-001575, and his PCR in that matter was therefore defective and untimely. For these reasons, we do not consider his challenge to the presentence incarceration credit awarded in CR 2016-001575.

¶7        Because Taylor timely filed both his notice and PCR in CR 2016-005559, however, we consider the merits of that claim. The failure to grant a defendant full credit for any presentence incarceration time constitutes fundamental error. *State v. Cofield*, 210 Ariz. 84, 86 ¶ 10 (App. 2005).

¶8        "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment[.]" A.R.S. § 13–712(B). Custody commences "when a defendant is booked into a detention facility," *State v. Carnegie*, 174 Ariz. 452, 453–54 (App. 1993), but does not include the date a sentence is imposed, *State v. Hamilton*, 153 Ariz. 244, 245–46 (App. 1987).

¶9        As reflected in the record, Taylor was arrested on October 4, 2016, pursuant to a bench warrant issued in CR 2016-005559. Because he was on felony release at the time of his arrest and therefore non-bailable, he remained in custody on the charges in CR 2016-005559 until he was sentenced on August 17, 2017, for a total of 317 days. Therefore, the trial court fully credited him all of his time in custody by awarding him 318 days' presentence incarceration credit in CR 2016-005559.

¶10       Accordingly, we grant review but deny relief.

