NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CAROLYN DENISE RUIZ ESPINOZA, *Appellant*.

No. 1 CA-CR 24-0119

FILED 11-19-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202001303
The Honorable Lee F. Jantzen, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

¶1        Carolyn Denise Ruiz Espinoza ("Appellant") appeals her conviction and sentence for transportation of dangerous drugs for sale (methamphetamine).   Counsel for Appellant has filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this court that counsel has found no errors or arguable questions of law and asking us to search the record for fundamental, reversible error. *See State v. Henderson*, 210 Ariz. 561, 567–69, ¶¶ 19–26 (2005); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Appellant was given an opportunity to file a supplemental brief *in propria persona*; she has not done so.   After reviewing the record, we affirm Appellant's conviction and sentence as corrected.

### FACTS AND PROCEDURAL HISTORY

¶2        We review the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Appellant. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In November 2020, an Arizona Department of Public Safety trooper stopped Appellant on her way from California to Cedar City, Utah for a traffic violation. The trooper asked for permission to search her car, and Appellant agreed.   The trooper found a small box that contained approximately 72 grams of methamphetamine, valued at approximately $7,200.   After her arrest, Appellant admitted to hiding additional methamphetamine in the trooper's vehicle.

¶4        A grand jury indicted Appellant on Count I, possession of dangerous drugs for sale (methamphetamine), and Count II, transportation of dangerous drugs for sale (methamphetamine), each a class 2 felony. Before trial, the court dismissed Count I.  Appellant was tried in absentia. The jury found her guilty as charged.

¶5        The superior court sentenced Appellant to a "super[-]mitigated" five-year prison term, with credit for 94 days'[1] presentence incarceration.  The court also imposed the minimum fine of $1,000, an 82% surcharge, and various fees.  We have jurisdiction over Appellant's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶6        We have read and considered counsel's brief and fully reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30.  We conclude that the superior court erred in imposing an 82% surcharge.[2]  Because the error disfavors Appellant, we correct the surcharge to 78%.  We find no other reversible error.  The evidence presented at trial was substantial and supports Appellant's conviction.  The trial proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.  Counsel represented Appellant at all stages of the proceedings, and the prison term imposed was within the statutory guidelines.

¶7        Upon filing of this decision, defense counsel shall inform Appellant of the status of the appeal and of her future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Appellant shall

---

[1] So far as the record reflects, Appellant should have received no more than 92 days of presentence incarceration credit.  The superior court incorrectly credited Appellant's night of arrest before she was booked into custody, *see State v. Cereceres*, 166 Ariz. 14, 15–16 (App. 1990), and date of sentencing, *see State v. Hamilton*, 153 Ariz. 244, 245–46 (App. 1987).  However, the State did not file a timely cross-appeal, so this court is without jurisdiction to correct the sentence.  *See State v. Dawson*, 164 Ariz. 278, 281–82 (1990).

[2] As of the date of the offense, the applicable surcharges totaled 78%.  *See* A.R.S. §§ 12-116.01(A) (42% surcharge), 12-116.01(B) (7% surcharge), 12-116.01(C) (6% surcharge), 12-116.02(A) (13% surcharge), 16-954(A) (10% surcharge).

have thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶8**        Appellant's conviction and sentence are affirmed as corrected to reflect a 78% surcharge.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV