NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

AARON PHILLIP THOMAS, *Appellant*.

No. 1 CA-CR 14-0865
FILED 5-17-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2013-418819-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

¶1        Aaron Phillip Thomas appeals his convictions of armed robbery and aggravated assault and the resulting sentences. Thomas's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Thomas was twice granted additional time to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Thomas's convictions and sentences as modified to reflect credit for 626 days of presentence incarceration.

## FACTS AND PROCEDURAL BACKGROUND

¶2        One evening in April 2013, as he was preparing to leave a gas station on his motorcycle, B.K. noticed two men in the parking lot. One of the men, Thomas, approached him and asked if he had any "bud." B.K. told him he did not have any, and Thomas firmly grasped his arm, poked a sharp object into his left side, and said "Give me something. Don't make me cut you." Seeing that occur, Thomas's companion, his brother, walked past the two, grabbed Thomas, said "don't do this," and kept walking. B.K. handed Thomas eight dollars, the change from his gasoline purchase, and asked if he could leave. Thomas let B.K. go, then headed north.

¶3        B.K. drove a short distance, then called 9-1-1 and gave a description of Thomas and his companion. Officers subsequently saw Thomas and his brother at a liquor store just north of the gas station. B.K. rode in the back of an officer's car, and upon seeing Thomas and his brother, immediately told the officer that he was certain that the person with the long hair and tank top—Thomas—had assaulted him.

¶4        Thomas was purchasing a bottle of beer at the liquor store's walk up window when police cars pulled into the parking lot. Thomas

attempted to hand the cashier money, but the cashier refused to take it because he noticed that the cash was wrapped around a knife.

¶5 Thomas was arrested and charged with armed robbery and aggravated assault, and following a jury trial, he was convicted as charged. The jury also found that Thomas was on probation for three previous offenses, that he attempted to cover up the crimes, and that the offenses involved the infliction or threatened infliction of serious physical injury, were dangerous, and were committed with the expectation of pecuniary gain.

¶6 At sentencing, the court found Thomas had two historical prior felonies, and sentenced him as a category three repetitive offender. The court found mitigating factors, including Thomas's history of substance abuse, that alcohol had impaired his judgment, that he had made efforts to participate in substance abuse programs, and that he had family support. Finding that the aggravating factors found by the jury outweighed the mitigating factors, the court sentenced Thomas to an aggravated term of 17 years for the armed robbery conviction and to a concurrent aggravated term of 13 years for the aggravated assault conviction, with 598 days of presentence incarceration credit. The court also sentenced Thomas to consecutive sentences for his probation violations. Thomas timely appealed.

## DISCUSSION

¶7 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find no error regarding Thomas's convictions, but note an error in the calculation of his presentence incarceration credit.

¶8 Thomas was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Thomas all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.

¶9 Thomas's sentences fall within the range prescribed by law, but his sentences inaccurately understate the amount of presentence incarceration credit to which he is entitled. Defendants are entitled to credit for all the days spent in custody, and therefore the failure to award full credit for time served in custody is fundamental error. *See* A.R.S. § 13-

712(B); *State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005). Here, the superior court's calculation of presentence incarceration (598 days) failed to account for a 28-day continuance before sentencing, during which Thomas was in custody. Accordingly, we modify Thomas's sentence to reflect 626 days of presentence incarceration credit.

## CONCLUSION

**¶10**        Thomas's convictions and sentences are affirmed as modified. After the filing of this decision, defense counsel's obligations will end after informing Thomas of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Thomas shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama