NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS RAMON MARTINEZ-TAPIA, JR., *Appellant*.

No. 1 CA-CR 21-0173
FILED 9-20-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201780539
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Kenneth S. Countryman PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Appellant Jesus Ramon Martinez-Tapia, Jr. advised this court that he has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. Martinez-Tapia was given the opportunity to file a supplemental brief but did not do so. This court has reviewed counsel's brief and the record and has found no reversible error as to Martinez-Tapia's convictions. However, he was not given full credit for his presentence incarceration. Accordingly, Martinez-Tapia's convictions are affirmed, and his sentences are modified.

## FACTS AND PROCEDURAL HISTORY

**¶2** "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2 ¶ 2 (App. 2015) quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

**¶3** On August 30, 2017, around 10:35 p.m., Officer Richard Hicks with the Cottonwood Police Department responded to the Chaparral Bar after receiving a report of disorderly conduct by a patron, Martinez-Tapia. Upon arrival, a bartender asked for assistance in removing Martinez-Tapia from the premises. Officer Hicks spoke with Martinez-Tapia, observing "issues with his balance," "red, watery eyes," "very slurred speech," and "detect[ing] an odor of an unknown alcoholic beverage coming from his person." Given his observations, Officer Hicks told Martinez-Tapia he needed to leave the property on foot, which he did.

**¶4** About 15 minutes later, patrons in the bar parking lot informed Officer Hicks that Martinez-Tapia had driven off northbound onto Main Street in a white pickup that was missing its tailgate. Officer Hicks set out in that direction in his marked vehicle. He soon saw a truck matching the descriptions given by the patrons weaving within its lane, leaving its lane of travel a few times, and leaving the roadway at one point.

Officer Hicks initiated a stop and Martinez-Tapia pulled over, but not without almost losing control of the vehicle after running into some overgrown vegetation before pulling back onto the pavement.

¶5        After Officer Hicks told Martinez-Tapia to shut off the engine and exit, he observed the same signs and symptoms of alcohol consumption as Martinez-Tapia had back at the bar. Martinez-Tapia refused to undergo field sobriety tests and was placed under arrest for suspicion of DUI. Officer Hicks transported Martinez-Tapia to the police station to continue the DUI investigation, where he refused to consent to a blood draw. Officer Hicks obtained and served a search warrant to draw Martinez-Tapia's blood at the station, but the officer phlebotomist was unable to locate a vein to do so. Officer Hicks then transported Martinez-Tapia to Verde Valley Medical Center in Cottonwood, where his blood was drawn around 1:45 a.m. the following morning by a certified phlebotomist technician.

¶6        Analysis of the blood draw by a Department of Public Safety criminalist revealed Martinez-Tapia had a blood alcohol concentration ("BAC") of 0.178 at the time his blood was drawn. Retrograde calculations provided a BAC-figure within two hours of driving based on the approximate start time of Martinez-Tapia's driving and factoring in the time of his blood draw. That calculation revealed a BAC between .18 and .19 within two hours of Martinez-Tapia's driving (approximating his drive time at 11:12 p.m.). Martinez-Tapia's driver's license had been previously suspended and revoked when he committed the offenses. The Arizona Motor Vehicle Division ("MVD") had earlier sent notices of such suspension via first class mail to the address provided by Martinez-Tapia to the MVD. *See* Arizona Revised Statutes ("A.R.S.") § 28-3318.

¶7        The State charged Martinez-Tapia with two counts of aggravated DUI. *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(1). Before trial, the State also dismissed without prejudice charges for possession of marijuana and drug paraphernalia. The superior court held a voluntariness hearing and a hearing pursuant to Arizona Rule of Evidence 609, both before trial, but their outcomes are immaterial, given that the State did not introduce any statements made by Martinez-Tapia at trial or seek to impeach his testimony with prior convictions.

¶8        The court denied Martinez-Tapia's motions in limine concerning his in-bar behavior and portions of audio/video recordings captured via police dash camera. And after an evidentiary hearing, the court partially denied Martinez-Tapia's other motions in limine concerning his refusal to submit to field sobriety testing or breath testing, wherein the

court found that such refusals could be presented at trial but that the State could not elicit testimony or present evidence surrounding Martinez-Tapia's request to speak with an attorney.

**¶9** Martinez-Tapia did not appear for trial. Before taking witness testimony, the superior court issued a statewide warrant for Martinez-Tapia's arrest and set a secured bond, but he still failed to appear. Because Martinez-Tapia's absence appeared voluntary, the court proceeded with trial in absentia. After a two-day trial, a jury found Martinez-Tapia guilty as charged. The court denied Martinez-Tapia's motion under Rule 20 of the Arizona Rules of Criminal Procedure.

**¶10** During sentencing proceedings, the court found Martinez-Tapia had at least two historical prior felony convictions, and he was sentenced to presumptive concurrent terms of 10-years' imprisonment for each count and awarded 70 days of pre-incarceration credit for each count. Martinez-Tapia timely appealed.

## DISCUSSION

**¶11** A defendant is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." A.R.S. § 13–712(B). Failure to award full credit for presentence incarceration constitutes fundamental error. *State v. Cofield*, 210 Ariz. 84, 86 ¶ 10 (App. 2005) citing *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

**¶12** The record shows Martinez-Tapia was arrested and taken into custody regarding this matter first on August 31, 2017, though he was also released that same day. He was next arrested on January 30, 2021, after he was pronounced guilty following his trial in absentia. A bail hearing was set for February 8, 2021, at which the court ordered Martinez-Tapia held without bail and remanded to custody to await sentencing in this matter. The court originally set a sentencing hearing for March 8, 2021, but ultimately sentencing did not occur until April 19, 2021. Thus, Martinez-Tapia was incarcerated for a total of 80 days before sentencing. However, he was credited with only 70 days of presentence incarceration.

**¶13** We have authority to modify a sentence to reflect the correct amount of presentence incarceration credit. *State v. Long*, 207 Ariz. 140, 148 n.6 ¶ 42 (App. 2004) (citing A.R.S. § 13–4037(B)); *see also* Ariz. R. Crim. P. 31.17(b). Accordingly, Martinez-Tapia's sentences are modified to reflect credit for 80 total days of presentence incarceration.

**¶14**      No other fundamental error is discernable from this record. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). Martinez-Tapia was represented by counsel at all stages of the proceedings, except during a pretrial conference that was continued because he sought new counsel. The record further shows Martinez-Tapia was present for all critical stages, except during his two-day jury trial, in which his presence was voluntarily waived—having had actual notice of the date and time of trial, notice that a warrant could be issued for his arrest if he failed to appear, and notice that trial would go forward in his absence. *See* Ariz. R. Crim. P. 9.1.

**¶15**      The record contains substantial evidence supporting the jury's verdicts. Other than as discussed above, the sentence imposed was within statutory limits. *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(1), (O)(1), and 13-703(J). In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶16**      We have read and considered counsel's brief and have searched the record provided for reversible error and have found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Martinez-Tapia's convictions are affirmed. His sentences are modified to reflect presentence incarceration credit of 80 days for each count.

**¶17**      Upon the filing of this decision, counsel is directed to inform Martinez-Tapia of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Martinez-Tapia shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

