NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRYAN LEE MCNEW, *Appellant.*

No. 1 CA-CR 22-0256
FILED 1-5-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR202180062
The Honorable Michael R. Bluff, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**F U R U R A**, Judge:

**¶1**         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Bryan Lee McNew advised this court that she has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. McNew was given the opportunity to file a supplemental brief but did not do so. This court has reviewed counsel's brief and the record and has found no reversible error as to McNew's convictions. However, he was not given full credit for his presentence incarceration. Accordingly, McNew's convictions are affirmed, and his sentences are modified.

## FACTS AND PROCEDURAL HISTORY

**¶2**         McNew was arrested on December 10, 2020 by narcotics trafficking detectives after an investigation led officers to believe he was involved in drug sales. Following the investigation, detectives executed a search warrant of a home where McNew was discovered and taken into custody. McNew was taken to the Cottonwood Police Station, where he was advised of his *Miranda* rights and interviewed by detectives. The interview lasted less than an hour and was recorded. During the interview, McNew made several incriminating statements, confirming that he sold methamphetamine and providing details about his sales.

**¶3**         McNew was charged by information with Count 1, possession of dangerous drugs for sale (methamphetamine), a Class 2 felony; Count 2, possession of narcotic drugs for sale (fentanyl), a Class 2 felony; Count 3, possession of drug paraphernalia, a Class 6 felony; Count 4, misconduct involving weapons during commission of a felony, a Class 4 felony; and Count 5, misconduct involving weapons while being a prohibited possessor, a Class 4 felony. Count 2 was dismissed by the State prior to trial and Count 5 was severed for resolution following trial on the other three counts.

¶4          Evidence presented at trial showed that McNew possessed various items indicative of methamphetamine sales, including several bags containing methamphetamine, scales with what appeared to be methamphetamine residue, unused bags, and a large amount of cash. Detectives testified that these items, taken together, suggested McNew's involvement in methamphetamine sales. Detectives further presented evidence that McNew was in possession of a loaded and operational shotgun at the time of his arrest, which was discovered during execution of the search warrant. Finally, McNew's recorded statements to detectives were admitted and played at trial, during which McNew admitted to selling methamphetamine.

¶5          Following trial, a jury found McNew guilty on Counts 1, 3, and 4, and he subsequently pled guilty to Count 5. The trial court also found that McNew had at least two prior historical felony convictions, making him a category three repetitive offender.

¶6          After considering the presentence report and mitigation presented by McNew's counsel, the court sentenced McNew to the minimum term of imprisonment on each count. McNew was sentenced to the minimum terms of 14 years' flat-time imprisonment on Count 1, three years' imprisonment on Count 3, and eight-years' imprisonment each on Counts 4 and 5, all to run concurrently. The court also gave McNew credit for 521 days of presentence incarceration. McNew timely appealed.

## DISCUSSION

¶7          A defendant is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." Ariz. Rev. Stat. ("A.R.S.") § 13–712(B). Failure to award full credit for presentence incarceration constitutes fundamental error. *State v. Cofield*, 210 Ariz. 84, 86 ¶ 10 (App. 2005) (citing *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989)).

¶8          The record shows that McNew was arrested on December 10, 2020 and remained in custody until sentencing on May 16, 2022. The record contains no indication that McNew was released at any time prior to sentencing. McNew is therefore entitled to 522 days of presentence incarceration credit. However, he was credited with only 521 days of presentence incarceration.

¶9          We have authority to modify a sentence to reflect the correct amount of presentence incarceration credit. *State v. Long*, 207 Ariz. 140, 148 ¶ 42 n.6 (App. 2004) (citing A.R.S. § 13–4037(B)); *see also* Ariz. R. Crim. P.

31.17(b). Accordingly, McNew's sentences are modified to reflect credit for 522 total days of presentence incarceration.

¶10        No other fundamental error is discernable from this record. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). McNew was represented by counsel at all stages of the proceedings, and he was present at all critical stages. The record contains substantial evidence supporting the verdict. Other than as discussed above, the sentences imposed were within statutory limits. In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶11        We have read and considered counsel's brief and have searched the record provided for reversible error and have found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, McNew's convictions are affirmed. His sentences are modified to reflect presentence incarceration credit of 522 days for each count.

¶12        Upon the filing of this decision, counsel is directed to inform McNew of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). McNew shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4